# EXHIBIT D



Dykema Gossett PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

WWW.DYKEMA.COM

Tel:   (612) 486-1900

**Michael A. Stephani**
Direct Dial: (612) 486-1596
Direct Fax: (855) 262-1827
Email: MStephani@dykema.com

January 25, 2019

**VIA EMAIL AND U.S. MAIL**

Brent S. Schafer, Esq.
SCHAFER LAW FIRM, P.A.
8646 Eagle Creek Circle, Suite 212
Savage, MN  55378
bschafer@schaferlawfirm.com

Alex Hilliard, Esq.
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
alex@hmglawfirm.com

Laurence G. Tien, Esq.
Robert W Cowan, Esq.
BAILEY PEAVY BAILEY COWAN
HECKAMAN PLLC
Marathon Oil Tower
5555 San Felipe Street, Suite 900
Houston, Texas  77056
ltien@bpblaw.com
rcowan@bpblaw.com

Re:    *Chad Vaith vs. General Motors, LLC and House Chevrolet Co.*
       Court File No.: 18-cv-0031 (JRT/HB)

Dear Counsel:

Enclosed and served upon you by Email and U.S. Mail, please find the Amended Notices for the Videotape Depositions of the various experts disclosed by Plaintiff.

   1.    Amended Notice of Videotaped Deposition Duces Tecum of Mariusz Ziejewski, Ph.D.;

   2.    Amended Notice of Videotaped Deposition Duces Tecum of Chris Caruso;

   3.    Amended Notice of Videotaped Deposition Duces Tecum of Matthew Pitman, P.E.;

   4.    Amended Notice of Videotaped Deposition Duces Tecum of John G. Stark MD, PA;

   5.    Amended Notice of Videotaped Deposition Duces Tecum of Karl A. Egge;

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

# DYKEMA

Letter to Counsel
January 25, 2019
Page 2

     6.     Amended Notice of Videotaped Deposition Duces Tecum of Justin King, MD; and

     7.     Certificate of Service.


Sincerely,

**DYKEMA GOSSETT** PLLC

Michael A. Stephani

MAS/cg
Enclosures

cc:     Veritex Legal Solutions (w/enclosures)

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Chad Vaith,                                    Case No.: 18-cv-0031 (JRT-HB)

        Plaintiff,

vs.                                            **AMENDED NOTICE OF**
                                               **VIDEOTAPED DEPOSITION**
General Motors, LLC and                        **DUCES TECUM OF MARIUSZ**
House Chevrolet Co.,                           **ZIEJEWSKI, PH.D.**

        Defendants.

To:  All counsel of record.

PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **Mariusz Ziejewski, Ph.D.**, upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths.  The examination shall occur at the offices of Dykema Gossett PLLC, 4000 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.  The deposition shall commence at 9:30 a.m. on February 27, 2019, and will continue from day-to-day until completed.  The deposition will be recorded by stenographic and video means.

The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

1

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Kristina H. Kaluza (#0390899)
Michael A. Stephani (#390262)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile:  (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
mcooney@dykema.com

# EXHIBIT "A"

1.      Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.      Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.      A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.      Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.      Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.      A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.      Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.      Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

3

11.     Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.     Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.     Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.   This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.     Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.     All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.     All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.     Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.

**NOTE:**  Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Chad Vaith, | Case No.: 18-cv-0031 (JRT-HB) |
| Plaintiff, | |
| vs. | **AMENDED NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF CHRIS CARUSO** |
| General Motors, LLC and House Chevrolet Co., | |
| Defendants. | |

---

To: All counsel of record.

PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **Chris Caruso**, upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths. The examination shall occur at the offices of Dykema Gossett PLLC, 4000 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402. The deposition shall commence at 9:00 a.m. on April 9, 2019, and will continue from day-to-day until completed. The deposition will be recorded by stenographic and video means.

The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Kristina H. Kaluza (#0390899)
Michael A. Stephani (#390262)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile: (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
mcooney@dykema.com

# EXHIBIT "A"

1.      Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.      Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.      A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.      Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any  nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.      Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.      A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.      Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.      Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

3

11.     Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.     Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.     Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.  This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.     Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.     All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.     All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.     Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.


**NOTE:**  Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Chad Vaith,

        Plaintiff,

vs.

General Motors, LLC and
House Chevrolet Co.,

        Defendants.

Case No.: 18-cv-0031 (JRT-HB)

**AMENDED NOTICE OF
VIDEOTAPED DEPOSITION DUCES
TECUM OF MATTHEW PITMAN, P.E.**

To:  All counsel of record.

      PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **Matthew Pitman, P.E.,** upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths.  The examination shall occur at Compass Consulting Engineers, P.C., 10875 Dover St., #900, Westminister, Colorado 80021. The deposition shall commence at 9:30 a.m. on February 22, 2019, and will continue from day-to-day until completed.  The deposition will be recorded by stenographic and video means.

      The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

1

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Kristina H. Kaluza (#0390899)
Michael A. Stephani (#390262)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile:  (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
mcooney@dykema.com

# EXHIBIT "A"

1.      Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.      Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.      A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.      Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.      Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.      A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.      Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.     Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

3

11.    Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.    Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.    Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.  This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.    Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.    All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.    All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.    Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.


**NOTE:**  Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Chad Vaith,

Case No.: 18-cv-0031 (JRT-HB)

        Plaintiff,

vs.

**AMENDED NOTICE OF**
**VIDEOTAPED DEPOSITION DUCES**
**TECUM OF JOHN G. STARK, MD, PA**

General Motors, LLC and
House Chevrolet Co.,

        Defendants.

To:  All counsel of record.

PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **John G. Stark, MD, PA**, upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths.  The examination shall occur at 825 Nicollet Mall, Suite 715, Minneapolis, Minnesota 55402.  The deposition shall commence at 10:00 a.m. on February 28, 2019, and will continue from day-to-day until completed.  The deposition will be recorded by stenographic and video means.

The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Michael A. Stephani (#390262)
Kristina H. Kaluza (#0390899)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile:  (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
mcooney@dykema.com

## EXHIBIT "A"

1.      Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.      Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.      A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.      Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any  nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.      Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.      A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.      Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.      Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.      Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

3

11.     Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.     Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.     Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.  This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.     Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.     All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.     All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.     Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.


**NOTE:**  Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Chad Vaith, | Case No.: 18-cv-0031 (JRT-HB) |
| Plaintiff, | |
| vs. | **AMENDED NOTICE OF VIDEOTAPED DEPOSITION DUCES TECUM OF KARL A. EGGE** |
| General Motors, LLC and House Chevrolet Co., | |
| Defendants. | |

To: All counsel of record.

PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **Karl A. Egge**, upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths. The examination shall occur at 1736 Princeton Avenue, St. Paul, Minnesota. The deposition shall commence at 9:30 a.m. on February 19, 2019, and will continue from day-to-day until completed. The deposition will be recorded by stenographic and video means.

The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

1

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Kristina H. Kaluza (#0390899)
Michael A. Stephani (#390262)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile:  (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
mcooney@dykema.com

# EXHIBIT "A"

1.    Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.    Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.    A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.    Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.    Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.    A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.    Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.    Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.    Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.    Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

3

11.    Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.    Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.    Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.    This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.    Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.    All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.    All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.    Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.


**NOTE:**    Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Chad Vaith,

Case No.: 18-cv-0031 (JRT-HB)

       Plaintiff,

vs.

**AMENDED NOTICE OF
VIDEOTAPED DEPOSITION DUCES
TECUM OF JUSTIN KING, MD**

General Motors, LLC and
House Chevrolet Co.,

       Defendants.

To:  All counsel of record.

PLEASE TAKE NOTICE that Defendant General Motors LLC will take the videotaped deposition of **Justin King**, upon oral examination, in accordance with the Federal Rules of Civil Procedure, before a notary public or other officer authorized to administer oaths.  The examination shall occur at 8053 E. Bloomington Freeway, Suite 100, Bloomington, Minnesota 55420.  The deposition shall commence at 1:00 p.m. on February 20, 2019, and will continue from day-to-day until completed.  The deposition will be recorded by stenographic and video means.

The deponent is directed to bring with him all documents and things described in Exhibit A which is attached hereto and made a part of this notice, to the extent that such items are in the care and custody or control of the deponent.

1

Dated: January 25, 2019

**DYKEMA GOSSETT PLLC**

By: s/Michael A. Stephani
David Graham (#0185462)
Kristina H. Kaluza (#0390899)
Michael A. Stephani (#390262)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 486-1596
Facsimile:  (855) 262-1827
dgraham@dykema.com
kkaluza@dykema.com
mstephani@dykema.com

*Attorneys for Defendant*
*General Motors LLC*

and

Michael P. Cooney (#P39405)
(*Admitted Pro Hac Vice*)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243
Telephone:  (313) 568-6800
mcooney@dykema.com

# EXHIBIT "A"

1.    Your complete file with regard to this matter, including but not limited to, <u>all drafts</u> of reports, reports, notes, correspondence, photographs, videotapes, test results, data, calculations, and other writings prepared by you with regard to this case, setting forth any factual observations, evaluations, tests, calculations, conclusions, mental impressions and/or opinions.

2.    Any drawings, charts, graphs, models, measurements, sound recordings, slides, photographs or videotapes prepared by you or on your behalf, given to you, considered by you with regard to this case;

3.    A list of all cases in which you have testified, either at trial or in deposition, from 2000 through the present date

4.    Any information or tangible objects, including but not limited to, records, depositions, reports, literature, or any material of any nature or description, which relate to or form the basis of any opinions or mental impressions relevant to the issues presented by Plaintiff's claims in this matter, or which may be used by you as exhibits, demonstrative aids, models, examples or illustrations at the time of trial in this matter;

5.    Any and all documents specifying your background, and identifying the factors which qualify you as an expert in the field for which your testimony is sought in this matter, including but not limited to your current vitae;

6.    A list of any and all writings prepared and/or authored by you, including but not limited to, articles, books, treatises, papers, lecture materials and any other publications;

7.    Any and all tests, analyses, measurements or investigation materials which may have been created, considered or reviewed by you in connection with your services in this case;

8.    Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect time and charges incurred and/or billed by you with regard to this case;

9.    Any and all documents, including but not limited to, time sheets, time records, expense records, billing records, correspondence, notes, contracts or agreements, whether formal or informal, which documents refer to, relate to, or reflect the terms of your employment and fee agreement or arrangement with Plaintiffs herein, and/or their attorney, in connection with this case;

10.    Any and all documents, including but not limited to, literature, texts, manuals, manuscripts, standards, codes, regulations, books, treatises, technical publications, abstracts and/or any other supporting written or computerized data relied upon by you in whole or in part in reaching any opinions or mental impressions in this case, or which you believe in any manner support any of your opinions or mental impressions in this case, or materials you consider authoritative in your field of expertise;

11.     Any and all notes, documents, records, photographs, videotapes, letters, or any other written material of any kind whatsoever which has been provided to you by anyone with regard to this case; or which has been prepared or considered by you for use in this case, regardless of the contents of such documents, records, photographs, videotapes, letters, notes, or other written materials, and regardless of the source from such materials were acquired by you;

12.     Any and all draft reports, preliminary calculations, raw test data, measurements or other such source material which may have been created, considered or reviewed by you in connection with your services in this case.

13.     Any and all such materials, whether documentary or otherwise, provided by you to any other person in connection with this case, regardless of whether or not such materials were considered by you as part of your services.  This category specifically includes research materials, government reports and records, reports and records of non-government groups, materials from other lawsuits, materials which originated from or were created by or with authority of any party to this litigation, or any other type of materials related to this case of the theories presented therein.

14.     Any and all correspondence exchanged between you and anyone, including counsel for Plaintiff, with regard to this case;

15.     All written documents, statements, references, standards, photographs, depositions, deposition summaries or any other writings of any kind or character whatsoever which have been reviewed by the witness in the course of preparation for deposition or trial in the above-styled and numbered cause;

16.     All texts, treatises, photographs, drawings, brochures, manuals or other documents of any kind whatsoever which were relied upon in any way by the witness in forming his opinions and conclusions, or as support for his opinions or conclusions, or as grounds for his opinions or conclusions regarding the accident in question or the product in question in the above-styled and numbered cause; and

17.     Any charts, graphs, exhibits, videos, reconstructions or other visual depictions that the witness has prepared with regard to the accident, the product in question or this matter.


**NOTE:**  Any photographs, videotapes, computer data, or other recorded information must be produced in hard copy (or otherwise accessible) form so that counsel for Defendant will have a full and fair opportunity to conduct an intelligent cross-examination of the witness. **Bringing materials on a computer floppy diskette, CD-ROM, hard drive, solid state RAM device, memory card, or other electronic storage media will not suffice.**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Chad Vaith,

|  |  |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE FOR SERVICE BY MAIL** |

vs.

General Motors, LLC and
House Chevrolet Co.,

Case No. 18-CV-00031-JRT-HB

Defendants.

I hereby certify that on 1/25/2019, I caused the following documents:

1) Amended Notice of Videotaped Deposition Duces Tecum of Mariusz Ziejewski, Ph.D.;

2) Amended Notice of Videotaped Deposition Duces Tecum of Chris Caruso;

3) Amended Notice of Videotaped Deposition Duces Tecum of Matthew Pitman, P.E.;

4) Amended Notice of Videotaped Deposition Duces Tecum of John G. Stark, MD, PA;

5) Amended Notice of Videotaped Deposition Duces Tecum of Karl A. Egge; and

6) Amended Notice of Videotaped Deposition Duces Tecum of Justin King, MD.

[✓] to be mailed by Email and First Class Mail, postage paid, to the following Attorneys of Record:

Brent S. Schafer, Esq.
SCHAFER LAW FIRM, P.A.
8646 Eagle Creek Circle, Suite 212
Savage, MN  55378
bschafer@schaferlawfirm.com

Alex Hilliard, Esq.
HILLIARD MARTINEZ GONZALES LLP
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
alex@hmglawfirm.com

1

Laurence G. Tien, Esq. &
Robert W. Cowan, Esq.
BAILEY PEAVEY BAILEY COWAN
HECKMAN PLLC
5555 San Felipe Street, Suite 900
Marathon Oil Tower
Houston, Texas  77056
ltien@bpblaw.com
rcowan@bpblaw.com


Date:  01/25/2019                          s/Michael A. Stephani
                                           Michael A. Stephani (#390262)